Rodney v 840 Westchester Ave, LLC (2026 NY Slip Op 00435)

Rodney v 840 Westchester Ave, LLC

2026 NY Slip Op 00435

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Index No. 23112/19|Appeal No. 5462|Case No. 2024-07011|

[*1]Ruth Rodney, Plaintiff-Appellant,
v840 Westchester Ave, LLC, et al., Defendants, 840 Westchester Avenue NMA, LLC, et al. Defendants-Respondents. [And a Third-Party Action]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for appellant.
Litchfield Cavo LLP, New York (Scott T. Fogel of counsel), for respondents.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about October 17, 2024, which granted the motion of defendants 840 Westchester Avenue NMA, LLC, 840 Westchester Avenue NPPN, LLC, 840 Westchester Avenue NPPS, LLC, and 840 Westchester Holdings, LLC for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Defendants failed to demonstrate that they are protected from liability for plaintiff's accident by the storm in progress rule. They did not submit any weather reports or expert opinions to show an ongoing storm at the time of plaintiff's fall, and plaintiff's conclusory, affirmative response when asked whether it was "snowing when [her] accident happened" is insufficient to show that a storm was in progress (see Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432, 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]).
Defendants failed to make a prima facie showing that they took reasonable precautions to remedy the wet condition on the lobby floor. Even though the superintendent testified that defendants would place 10 "wet floor" signs around the lobby and dry mop areas of the lobby floor when it rained or snowed, and that he mopped every day, he could not recall whether he placed such signs or dry-mopped on the morning of plaintiff's accident or if he even worked that day. In fact, there was no evidence that a caution sign was placed in the lobby or that anyone had mopped the area prior to the accident, or throughout that day (cf. Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 464 [1st Dept 2009]; Amsel v New York Convention Ctr. Operating Corp., 60 AD3d 534, 535 [1st Dept 2009], lv denied 13 NY3d 710 [2009]). Although defendants were not obligated to continuously mop moisture tracked onto the lobby floor by people entering from outside or to cover the entire floor with mats, here plaintiff claims that her accident was caused by a lack of matting on the portion of the lobby between the entrance and the stairway (see Rodriguez v Kiwk Realty, LLC, 216 AD3d 477, 478-479 [1st Dept 2023]; see also Pomahac, 65 AD3d at 465-466 ["all of the circumstances regarding a defendant's maintenance efforts must be scrutinized in ascertaining whether the defendant exercised reasonable care in remedying a dangerous condition"]).
Defendants also failed to demonstrate that they lacked constructive notice of the hazardous condition caused by the wet and slippery floor where plaintiff fell, as they failed to demonstrate when they last inspected the lobby on the day of the accident (see Rodriguez 216 AD3d at 477, 478; Attia v Slazer Enters, LLC, 215 AD3d 413, 414 [1st Dept 2023]). Nor did defendants establish that they lacked actual notice, as they failed to produce a witness to testify that no complaints about the location of plaintiff's fall were received before the accident and that there were no prior incidents in that area before plaintiff fell (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). In fact, the human resources manager for third-party defendant Montefiore Medical Center, testified that on the day of plaintiff's accident, she had also slipped in the lobby prior to plaintiff's fall and that she was aware of two other people who had slipped in the lobby before plaintiff's fall as well. She also testified that prior to plaintiff's fall, she reported to Montefiore's director of operations that she had slipped, that at least one other person had slipped and fallen "because it was wet in the lobby," and that the director of operations was going to call the building's superintendent. Further, the superintendent, who could not recall if he worked on the day of plaintiff's accident, testified that he could not recall if anyone had complained to him about water on the floor of the lobby and that he had "no idea" about the procedure for tenants to make complaints. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026